UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Newsome,<br>    aka John Richard Newsome<br><br>                  Plaintiff,<br><br>v.<br><br>Reginald Floyd, K. Jeffords, C Spaziani,<br><br>                  Defendants. | Civil Action No.: 4:23-cv-03968-RBH<br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiff John Newsome's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this action without prejudice and without issuance and service of process.[1] *See* ECF No. 14.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge reviewed the Complaint pursuant to 28 U.S.C. § 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging that he has been defamed, subjected to malicious prosecution and/or false imprisonment, his fourth amendment, fourteenth amendment, and due process rights were violated by the officers and state magistrate judge involved in Plaintiff's state criminal cases. *See* ECF No. 7 at 4-5. Plaintiff paints a factual scenario where the officers involved lied under oath when filing for warrants. *See id*. Further, Plaintiff contends that his rights were violated when the officers went onto private property to remove a vehicle from his property. *Id*. Additionally, Plaintiff states that the judge improperly found probable cause and relied on hearsay which violated his due process rights. *Id*. Lastly, Plaintiff states that he has been defamed throughout the process. *Id*.

Plaintiff's arguments appear to stem from a factual scenario, as supported by attached warrants, where he was arrested for taking part in a criminal conspiracy[2] to commit forgery, grand larceny, and

---

[2]Plaintiff has several pending criminal charges related to the underlying factual scenario. *See* Darlington Cnty, Clerk of Court, Public Index, https://publicindex.sccourts.org/Darlington/PublicIndex/PISearch.aspx (last visited March 14, 2024).

unlawful possession of fetanyl and methamphetamine. *See* ECF No. 1. Pursuant to such warrants, Plaintiff was detained and placed into custody.

The Magistrate Judge liberally construed Plaintiff's complaint to state claims of "defamation, libel, or slander under § 1983," "false arrest and/or malicious prosecution," and claims against Defendant Floyd for "official participation and resulting judicial warnings made in relation to Plaintiff's case." ECF No. 14 at 3-5. The Magistrate Judge recommends dismissing this action with prejudice as there is "no federal causes of action for" defamation, libel, or slander under § 1983. *Id*. Further, the Magistrate Judge recommends dismissal of Plaintiff's false arrest claim due to the officers arresting Plaintiff "pursuant to a facially valid warrant" and the fact that he "cannot show that his criminal prosecution has ended without a conviction as he is still detained on the contested charges." *Id*. The Magistrate Judge further recommends dismissal of any actions against Defendant Floyd due to the doctrine of absolute judicial immunity. *Id*. Plaintiff objects to the R&R, and reiterates that the search of the vehicle on private property violated his fourth amendment rights, that "probable cause was based off hearsay," and that his due process rights were violated by bringing charges against him as the vehicle searched pursuant to the warrant was not even his. ECF No. 16.

Plaintiff's objections do not directly challenge any portions of the Magistrate's recommendation. Rather, Plaintiff emphasizes the alleged invalidity of the warrants relied upon and alleges constitutional violations by the officers involved in his state criminal proceedings. Nonetheless, this Court will still conduct a review of the Magistrate Judge's recommendation.

First, to the extent that Plaintiff's claims are liberally construed to allege defamation, libel, or slander, this Court agrees with the Magistrate Judge's recommendation. No federal right of actions exist under § 1983 for such claims, accordingly the Magistrate Judge's recommendation is adopted and any

3

causes of action for defamation, libel, or slander are summarily dismissed. *Paul v. Davis*, 424 U.S. 693, 702, 96 S. Ct. 1155, 1161, 47 L. Ed. 2d 405 (1976); *Aylor v. Town of Culpeper*, 103 F.3d 116 (4th Cir. 1996).

Next, as to Plaintiff's claims of false arrest and/or malicious prosecution, the Magistrate Judge recommends summary dismissal as "Plaintiff was arrested pursuant to a facially valid warrant[3]" and "Plaintiff here cannot show that his criminal prosecution has ended without a conviction as he is still detained on the contested charges.[4]" ECF No. 14 at 4. This Court has reviewed the entirety of the facts and the referenced precedent and agrees with the Magistrate Judge. Accordingly, this Court adopts the Magistrate Judge's recommendation to summarily dismiss such claims. However, of note is the interplay of these factual allegations with Plaintiff's claims that the officers infringed upon his rights by falsifying statements under oath and improperly entering onto his property to obtain evidence, interfering with rights secured by due process and the fourth and fourteenth amendments. Such a factual scenario certainly requires analyzing the actions of the officers and the underlying evidence to be used against Plaintiff in his state criminal cases. It is not the job of this Court to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict" as Plaintiff has brought this action "at a time when it can hardly be known what evidence the prosecution has in its possession." *Wallace v. Kato*, 549 U.S. 384, 393, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364,

---

[3]The Magistrate Judge cites to a Fourth Circuit case holding that under § 1983 "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." ECF No. 14 at 4 (citing *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998).

[4]The Magistrate Judge references Supreme Court precedent stating that "a Fourth Amendment Claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction." ECF No. 14 at 4 (citing *Thompson v. Clark*, 142 S. Ct. 1332 (2022).

2373, 129 L. Ed. 2d 383 (1994)). Further, this Court is guided by precedent stating that it "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citing *Younger v. Harris*, 401 U.S. 37, 43–44, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971)). Accordingly, Plaintiff's claims for malicious prosecution and/or false arrest, as well as any claims implicating rights secured by due process and the fourth amendment, should not be addressed by this Court at this time. Properly addressing such claims would launch this Court into speculation and could certainly result in restraining Plaintiff's underlying criminal prosecution. Such inquires should properly be left to the state courts at this time[5] and Plaintiff may certainly raise these precise concerns in such a proceeding[6]. Thus, Plaintiff's causes of action for malicious prosecution, false arrest, violation of due process, and fourth amendment violations are summarily dismissed without prejudice at this time.

Finally, as to Plaintiff's claims against Defendant Floyd, the state court judge involved, this Court agrees with the Magistrate's recommendation. The doctrine of absolute immunity affords a judge absolute immunity from suit unless the judge's actions are "not taken in the judge's judicial capacity" or the judge takes action "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991). Here, Plaintiff has not alleged that either of the scenarios delineated above are implicated, nor does this Court's review of the facts find that such exceptions are applicable. Accordingly, this Court agrees with the Magistrate Judge's recommendation

---

[5] Plaintiff has several pending criminal charges related to the underlying factual scenario. *See* Darlington Cnty, Clerk of Court, Public Index, https://publicindex.sccourts.org/Darlington/PublicIndex/PISearch.aspx (last visited March 14, 2024).

[6] "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).

and finds that Defendant Floyd is entitled to absolute immunity and all claims against Defendant Floyd are subject to summary dismissal.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 14], as modified herein, and **DISMISSES** this action *without prejudice* and without issuance and service of process.[7]

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
March 18, 2024                                              R. Bryan Harwell
                                                            Chief United States District Judge

---

[7] Dismissal is recommended *without* prejudice, in the event Plaintiff's charges are dropped and/or Plaintiff desires to pursue state law claims in state court. Further, it is recommended that this action be dismissed without further leave to amend. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).